FILED

99 NOV 24 PM 2:01

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

NOV 24 1999

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| SOUTHERN NATURAL GAS COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| .395 ACRES OF LAND LOCATED IN CULLMAN COUNTY, ALABAMA; WILHELMINA PARIS, et al., | ) ) ) | CV 97-L-1734-S |
| .395 ACRES OF LAND LOCATED IN CULLMAN COUNTY, ALABAMA; MARY FRANCES LANEY, et al., | ) ) | CV 97-L-1735-S |
| .395 ACRES OF LAND LOCATED IN CULLMAN COUNTY, ALABAMA; JOHANNA H. JOHNSON, et al., | | CV 97-L-1736-S |
| .395 ACRES OF LAND LOCATED IN CULLMAN COUNTY, ALABAMA; LAWANDA RICHMOND, et al., Defendants. | | CV 97-L-1737-S |

RE: Cullman County Tract No. 100, Cullman County Tract No. 101, Cullman County Tract No. 102, Cullman County Tract No. 103

**MEMORANDUM OPINION**

I.   Introduction

Currently pending before this court is an objection to the Report of Commissioners filed by defendants, Wilhelmina Paris, Mary Frances Laney, Johanna H. Johnson, and Lawanda Richmond. One hearing was held for all four tracts of land, and the parties agreed that the damage to each tract would be the same. Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." Likewise, the court's review of the Report of Commissioners is only for clear error. The following paragraphs contain the issues that were discussed in oral argument, the party's objections to the Report of Commissioners, as well as the court's findings and final judgment.

II.   Discussion and Findings

A.   Damages Awarded for the Permanent Easement

The Commissioners awarded $2,370 for the permanent pipeline easement in each tract. Defendants object generally to the values awarded. The court however finds that defendants have failed to demonstrate any clear error on the part of the Commissioners, and, as such, the Commissioners' findings are approved and adopted as the findings of the court.

B.  Amount Awarded for Temporary Easement

The Commissioners recommended that $350 was appropriate compensation for the temporary construction easement in each tract. The Commissioners' findings are approved and adopted as the findings of the court.

C.  Damage to the Remaining Property

The Commissioners recommended that landowners be awarded $7,500 compensation for damage caused by the pipeline outside of the permanent easement in each tract. Defendant objects to this award claiming that the Commissioners failed to provide any compensation to defendants for loss of value to the remaining property. However, plaintiffs are obviously mistaken in their claim as the Commissioners did award a substantial amount for remainder damages. Nevertheless, for remainder damages to be an appropriate element of just compensation, the landowner, through credible evidence, must: (1) establish a probable use of the remaining property in the reasonably near future; and (2) establish that the presence of the pipeline will adversely impact such use. Defendants have not presented any additional evidence to justify modifying this award nor have they shown any clear error on the part of the Commissioners. Therefore, the Commissioners' findings are approved and adopted as the findings of the court.

D.  Amount for Engineering Costs

The Commissioners awarded $368 in each tract for the engineering costs which will be rendered useless by the pipeline. The Commissioners' findings are approved and adopted as the findings of the court.

III. Conclusion

The Commissioners have recommended an award to each of the owners of the properties in the above-described easement in the amount of $10,588. Having concluded that no element of the Commissioners' award is clearly erroneous, the court approves and adopts the Report of Commissioners in whole. In view of the foregoing discussion, a separate judgment will be entered in the amount of $10,588 as just compensation in favor of the defendant.

DONE this 24th day of November 1999.

_____
SENIOR JUDGE